CHARLES I. McCARTHY v. JAMES G. DONNELLY.[1]

June 26, 1903.

Nos. 13,471—(124).

**Partnership—Dissolution—Trust Money.**

While McC. and D. were copartners in the undertaking business, S. indorsed and delivered to McC., individually, a promissory note which he held against a third party; directing him to collect the amount due thereon, and to dispose of it by first giving to both S. and his wife burials in accordance with the rites of the church to which they belonged, then to expend $160 for a monument, and finally to distribute the balance among the clergy for masses. Both S. and his wife died before the money was collected. The expense of the burial in each case was charged to an account

[1] Reported in 95 N. W. 760.

previously opened on the firm books with S. When the note was collected by McC., he credited the proceeds on this account, and when the firm was dissolved the books showed a credit balance thereon of $166.50. At the dissolution, D., by mutual agreement, took the firm property, and assumed all of its liabilities. According to the verdict of the jury he knew of the character of this transaction before and at the time the money was turned over to the firm, and the book entries made. No claim for the money had been made upon D. in behalf of the S. estate. *Held:*

That McC. could maintain an action against D. to recover the balance appearing to the credit of S. upon the firm books.

Action in the district court for Ramsey county by plaintiff as trustee of the estate of John Shortall, deceased, to recover $166.50 and interest, trust funds in defendant's possession. The case was tried before O. B. Lewis, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Cannon & Donnelly,* for appellant.

*Foot & Wickersham,* for respondent.

COLLINS, J.

For more than ten years prior to September 17, 1900, the plaintiff, McCarthy, and the defendant, Donnelly, were copartners in the undertaking business. During the month of September, 1892, one Shortall was the owner of a promissory note payable to his order, due upon demand, and for the sum of $460. At that time, and gratuitously, he indorsed and delivered the note to McCarthy, with instructions to collect the amount due, and dispose of the proceeds by giving to both Shortall and his wife (very old people) burials when they should die, in accordance with the rites of the church of which they were members. After the burial of the survivor, $160 was to be expended for a monument, and the balance of the amount was to be distributed among the clergy for masses. McCarthy reduced these directions to writing, and placed the same with the note. It was Shortall's order that Donnelly should have nothing to do with this transaction. Soon afterwards, McCarthy, at Shortall's request, purchased a small quantity of tobacco for the latter's use, and opened an account with him upon the firm's books; charging the amount thus expended to John Shortall. In December, 1895, Mrs. Shortall died, was buried by the firm,

and the expense of her burial ($100) was charged to the same account. January 6, 1898, Shortall died, and the expense of his funeral ($107), also conducted by the firm, was charged in the same way. July 15, 1898, $100 was collected on the note by McCarthy, turned over to the firm, and credited to Shortall on the account. September 9 of the same year, $285 was collected on the note by McCarthy, was also turned over to the firm, and credited on this account. When these entries were made by McCarthy, or under his direction, the book account showed a balance of $166.50 to the credit of Shortall. It will be seen that in this way the balance of $166.50 was appropriated to the uses of the firm, but that McCarthy still remained personally responsible for the amount. September 17, 1900, the firm dissolved; Donnelly taking all of the firm property, and assuming and agreeing to pay all partnership liabilities. Subsequently McCarthy made a demand upon him that he pay and turn over the balance which, according to the firm books, was due to some one on the Shortall account. Donnelly refused, and McCarthy brought this action to recover the amount; alleging that he had received and that he held the money in trust to be used and disposed of for the objects and purposes designated by Shortall in his lifetime.

When the case was submitted to the jury, the only controversy on the facts was, according to the charge of the court, as to the knowledge of Donnelly at and prior to the time of the dissolution that the funds in the hands of the company were trust funds, which had come into McCarthy's hands for the objects and purposes alleged. Plaintiff, McCarthy, testified, in effect, that defendant, Donnelly, knew all about the transaction from the beginning, and this was as positively denied by the latter. By the general verdict in favor of the plaintiff, the jury found against defendant upon this issue; and there was testimony sufficient to sustain the finding on this question, although it may not have been of importance.

As we look at the case, it is a very simple one. McCarthy, as an individual, had in his possession a note for which he had given no consideration, and which actually belonged to Shortall. He was directed by the latter to use the money, when collected, for certain specified purposes; and it is unnecessary for us to determine just what the relationship between these two men should be denominated, for it is

wholly immaterial. Very naturally, when the expenses of the burials of Mr. and Mrs. Shortall were incurred, the firm charged the amounts due to an account which had been opened with the former. The right to charge the expense of Mrs. Shortall's burial to Mr. Shortall, prior to his death, was undisputed, and the expenses of his own funeral were charged to the account already opened as a matter of convenience merely. It was not material how or to whom these charges were made upon the books, and they might with equal propriety have been charged directly to McCarthy. When the $100 was collected, after Shortall's death, it was perfectly legitimate to credit the account with that amount, and while the businesslike way would have been to balance this account when the note was fully collected, in September, 1898, nine months after Shortall died, by crediting it with just the amount necessary for that purpose, there was nothing improper in placing upon the books and on the Shortall account a credit which amounted to $166.50 more than the sum debited and due. This method of bookkeeping did not change or control the real fact, which was that the firm owed $166.50, either to McCarthy, or to the legal representative of John Shortall, deceased. And when, upon the dissolution of the firm, Donnelly assumed all indebtedness, and agreed to pay the same, that sum became collectible from him by the party entitled thereto. Probably Shortall's legal representative could have collected of Donnelly, by reason of the dissolution agreement, but he would not be obliged to look to any one but McCarthy for the money. The latter had undertaken the collection of the sum due on the note, and had succeeded, and, instead of retaining the money himself, or expending it as directed, had, with Donnelly's knowledge and assent, turned it over to the firm. McCarthy could not avoid legal and personal liability by asserting that he had turned the money into the firm, and that Donnelly had assumed all firm liabilities. If, then, a judgment could have been recovered against McCarthy by Shortall's representative, and through it the amount due collected from him, and this action cannot be maintained and recovery had as against Donnelly, McCarthy is without a remedy, and is deprived of a sum of money which lawfully and of right belongs to him. Surely the law will not permit such an inequitable result as that would be.

Our conclusion is that McCarthy had the right to recover this money of Donnelly, and the latter cannot be heard to say that Shortall's representative, only, can collect. Donnelly gave no valuable consideration whatever for it, either when it was made a part of the firm assets, or when he assumed the firm liabilities, because it was the verdict of the jury that he had full notice of the character of the fund at all times, and that McCarthy was simply holding the money for the purposes designated by Shortall; being individually liable for the amount. Under such circumstances, it is of no concern to Donnelly, and no defense, that McCarthy collected and held the money, not as his own, but by virtue of his agreement with Shortall.

Order affirmed.